**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-7472**

———————

DEREK J. BROWN,

             Petitioner - Appellant,

     v.

WARDEN OF PERRY CORRECTIONAL INSTITUTION,

             Respondent - Appellee.

———————

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Timothy M. Cain, District Judge. (0:12-cv-02988-TMC)

———————

Submitted:  January 22, 2014      Decided:  January 31, 2014

———————

Before KING, SHEDD, and AGEE, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Derek J. Brown, Appellant Pro Se.  Donald John Zelenka, Senior Assistant Attorney General, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek J. Brown appeals the district court's order adopting the magistrate judge's report and recommendation and dismissing his 28 U.S.C. § 2254 (2012) petition. On appeal, Brown contends that he did not receive the magistrate judge's report and recommendation, providing documentary support for this assertion from the postal director at his correctional institution.

A party who fails to object in writing to a magistrate judge's proposed findings of fact and conclusions of law is not entitled to de novo review of the magistrate judge's determinations and is barred from contesting these determinations on appeal. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985). The waiver is a result of procedural default and does not affect jurisdiction. Thomas v. Arn, 474 U.S. 140, 154 (1985). When a litigant is proceeding pro se, he must be given fair notice of the consequences of failing to object before a procedural default will apply. Wright, 766 F.2d at 846.

From the record presented, we cannot fairly determine whether Brown received a copy of the magistrate judge's report and recommendation, or was notified of his right to file timely objections and the consequences of failing to do so. Accordingly, we vacate the decision of the district court and

2

remand so that the district court can make that determination. Should the district court find Brown credible in this regard, it can provide him with the report and requisite information and an opportunity to file objections. If, on the other hand, the court finds that Brown did receive the report in its initial mailing, it can reenter its original order, with any necessary modifications.

We deny as moot Brown's motion to abey. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>